**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| In Re:<br><br>YVONNE ANNE SLATER<br>F/K/A YVONNE ANNE MELLEN<br>Debtor(s) | Chapter 7<br><br>Case No. 16-31103-KKS |
|---|---|

**MOTION FOR RELIEF FROM AUTOMATIC STAY**
**(PERSONAL PROPERTY)**

**NOTICE OF OPPORTUNITY TO**
**OBJECT AND REQUEST FOR HEARING**

**Pursuant to Local Rule 2002-2, the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files an objection within twenty-one (21) days from the date of service of this paper. If you object to the relief requested in this paper, you must file your objection with the Clerk of the Court at 100 N. Palafox Street, Suite 154, Pensacola, FL 32505, and serve a copy on the movant's attorney, Stefan Beuge, Esq., Florida Bar No. 68234 of Phelan Hallinan Diamond & Jones, PLLC, 2727 West Cypress Creek Road, Ft. Lauderdale, FL 33309 and any other appropriate persons.**

**If you file and serve an objection within the time permitted, the Court may schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, and will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

**BANK OF AMERICA, N.A.** (“Movant”) hereby moves this Court, pursuant to 11 U.S.C. §362, for relief from the automatic stay. The facts and circumstances supporting this Motion are set forth in the Declaration in Support of Motion for Relief from Automatic Stay filed contemporaneously herewith (the "Declaration"). Movant respectfully states:

1. As of December 20, 2016 Movant has a claim in the amount of $54,935.38, secured by a Certificate of Title to a U 2002 Fleetwood Southwind 36 bearing Vehicle Identification Number 5B4MP67GX23346521 (the “Collateral”).

2. As of December 20, 2016 the debtor has failed to make twenty three (23) payment(s) that have come due pursuant to the Retail Installment Contract and Security Agreement and is delinquent in the amount of $14,772.90, minus a suspense balance of $69.30, for a total delinquency in the amount of $14,703.60.

3. Cause exists including lack of adequate protection to grant Movant relief from the automatic stay so as to authorize Movant to dispose of the Collateral.

WHEREFORE, Movant prays that this Court:

a) Grant Movant relief from the automatic stay under 11 U.S.C. §362(d) so as to allow Movant to recover and dispose of the Collateral and to apply the net proceeds generated to its claim in this case;

b) For the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

c) Grant such other relief as the Court deems proper.

Date: 01/13/2017

/s/ Stefan Beuge, Esquire
Stefan Beuge, Esq., Florida Bar No. 68234
Phelan Hallinan Diamond & Jones, PLLC
2727 West Cypress Creek Road
Ft. Lauderdale, FL 33309
Tel: 954-462-7000 Ext. 56588
Fax: 954-462-7001
Email:
FLND.bankruptcy@phelanhallinan.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing, and any applicable exhibits attached thereto, has been served electronically, or routed for service by U.S. Mail, to the following:

YVONNE ANNE SLATER
F/K/A YVONNE ANNE MELLEN
220 REYNOLDS AVE
NICEVILLE, FL 32578

SHAYNA PARRISH MARSTELLER
ALLEN CHERN LLC
P.O. BOX 1513
CRESTVIEW, FL 32536

KARIN A. GARVIN
1801 W. GARDEN STREET
PENSACOLA, FL 32502

U.S. TRUSTEE
UNITED STATES TRUSTEE
110 E. PARK AVENUE
SUITE 128
TALLAHASSEE, FL 32301

Date: 01/13/2017

/s/ Stefan Beuge, Esquire
Stefan Beuge, Esq., Florida Bar No. 68234
Phelan Hallinan Diamond & Jones, PLLC
2727 West Cypress Creek Road
Ft. Lauderdale, FL 33309
Tel: 954-462-7000 Ext. 56588
Fax: 954-462-7001
Email:
FLND.bankruptcy@phelanhallinan.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | |
|---|---|
| In Re:<br><br>YVONNE ANNE SLATER<br>F/K/A YVONNE ANNE MELLEN<br><br>Debtor | Chapter 7<br><br>Case No. 16-31103-KKS |

**DECLARATION IN SUPPORT OF**
**MOTION FOR RELIEF FROM AUTOMATIC STAY**

I, Christopher Hackney, declare under penalty of perjury as follows:[1]

1. I am a Assistant Vice President of Bank of America, N.A., ("BANA") and am authorized to sign this declaration on behalf of BANA, ("Movant") with respect to a certain loan (the "Loan") provided to the Debtor, which Loan is evidenced by the Retail Installment Contract and Security Agreement (defined below) and secured by the personal property (defined below). This Declaration is provided in support of the Motion for Relief from Stay filed contemporaneously herewith (the "Motion").

2. As part of my job responsibilities for BANA, I am familiar with the types of records maintained by BANA in connection with the Loan and the procedures for creating those types of records. I have access to the books, records and files of BANA that pertain to the Loan and extensions of credit given to Debtor concerning the Property (defined below).

3. The information in this declaration is taken from BANA's business records regarding the Loan. I have personal knowledge of BANA's procedures for creating these types of records. The records are: (a) made at or near the time of the occurrence of the matters recorded by persons with personal knowledge of the information in the business record, or from

[1] Pursuant to 28 U.S.C. §1746, this Declaration is provided in lieu of an affidavit and has the same force and effect thereof.

information transmitted by persons with personal knowledge; (b) kept in the course of BANA's regularly conducted business activities; and (c) it is the regular practice of BANA to make such records.

4. The Debtor has executed and delivered or are otherwise obligated with respect to that certain Retail Installment Contract and Security Agreement in the original loan amount of $110,587.10 (the "Retail Installment Contract and Security Agreement"). A true and correct copy of the Retail Installment Contract and Security Agreement is attached to the Motion as Exhibit "A".

5. Pursuant to that certain Certificate of Title (the "Certificate of Title") , all obligations (collectively, the "Obligations") of the Debtor under and with respect to the Retail Installment Contract and Security Agreement and the Certificate of Title are secured by the Property (U 2002 Fleetwood Southwind 36 Vehicle Identification Number 5B4MP67GX23346521). A true and correct copy of the Certificate of Title is attached to the Motion as Exhibit "B".

6. As of 12/20/2016, the outstanding unpaid balance under the Retail Installment Contract and Security Agreement is $54,935.38.

7. The following chart sets forth the number and amount of payments due pursuant to the terms of the Retail Installment Contract and Security Agreement that have been missed by the Debtor as of 12/20/2016:

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Missed Payments |
|---|---|---|---|---|
| 23 | 02/05/2015 | 12/05/2016 | $642.30 | $14,772.90 |

Less partial payments: $69.30

**Total: $14,703.60**

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 10th day of January, 2017.

Name: Christopher Hackney
Title: Assistant Vice President

# Exhibit “A”

| RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT | Seller | Buyer FLOYD EUGENE SLATER |
|---|---|---|
| No SPF28022 | LA MESA RV CENTER | YVONNE ANNE SLATER |
| Date JANUARY 19th, 2007 | 3315 US 301 | 3461 SUSAN LANE |
| | TAMPA FL 33619 | LECANTO FL 34461 |
| Buyer's month of birth | "We" and "us" mean the Seller above, its successors and assigns. | "You" and "your" mean each Buyer above, and guarantor, jointly and individually. |

**SALE:** You agree to purchase from us, on a time basis, subject to the terms and conditions of this contract and security agreement (Contract), the Motor Vehicle (Vehicle) and services described below. The Vehicle is sold in its present condition, together with the usual accessories and attachments.

| Description of Motor Vehicle Purchased | | | | |
|---|---|---|---|---|
| Year 2002 | VIN 5B4MP67GX23346521 | Other: |
| Make FLEETWOOD | Lic. No./Year | |
| Model SOUTHWIND 36 | ☐ New ☒ Used | |

Description of Trade-In 1998 REXHALL AERBUS 1GBLP37J6V3309703

**SECURITY:** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle, together called Property, and proceeds of the Property. You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**PROMISE TO PAY AND PAYMENT TERMS:** You promise to pay us the principal amount of $ 110587.10, plus finance charges accruing on the unpaid balance at the rate of 3.50 % per year from today's date until paid in full. Finance charges accrue on a 365 day basis. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the TRUTH IN LENDING DISCLOSURES. *You also agree to pay any additional amounts according to the terms and conditions of this Contract.*

☐ **LOAN PROCESSING FEE:** You agree to pay a non-refundable loan processing fee of $ N/A that will be ☐ paid in cash. ☐ added to the Cash Price.

☐ **MINIMUM FINANCE CHARGE:** You agree to pay a minimum finance charge of $ N/A if you pay this Contract in full before we have earned that much in finance charges.

☒ **PRE-DELIVERY SERVICE FEE:** *You agree to pay a nonrefundable pre-delivery service fee of $* 395.00 *that will be* ☐ *paid* in cash. ☒ included in the Cash Price. This charge represents costs and profit to the dealer for items such as inspecting, cleaning, and adjusting the vehicles, and preparing documents related to the sale.

**DOWN PAYMENT:** You also agree to pay, or apply to the Cash Price, on or before today's date, any cash, rebate and net trade-in value described in the ITEMIZATION OF AMOUNT FINANCED. ☐ You agree to make deferred payments as part of the cash down payment as reflected in your Payment Schedule.

## TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | AMOUNT FINANCED The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS The amount you will have paid when you have made all scheduled payments. | TOTAL SALE PRICE The total cost of your purchase on credit, including your down payment of $ 0.00 |
|---|---|---|---|---|
| 3.50% | $ 43564.90 | $110587.10 | $ 154152.00 | $154152.00 |

**Payment Schedule:** Your payment schedule will be

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 240 | 642.30 | MONTHLY BEGINNING: 03/05/2007 |

**Security:** You are giving a security interest in the Motor Vehicle purchased.
**Late Charge:** If all or any portion of a payment is not paid within 10 days of its due date, you will be charged a late charge of 5% of the unpaid amount of the payment due.
**Prepayment:** If you pay off this Contract early, you may have to pay a penalty.
**Contract Provisions:** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

**CREDIT INSURANCE:** Credit life, credit disability (accident and health), and any other insurance coverage quoted below, are not required to obtain credit and we will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below ONLY the coverages you have chosen to purchase.

**Credit Life:** Insured N/A
☐ Single ☐ Joint Prem. $ N/A Term N/A
**Credit Disability:** Insured
☐ Single ☐ Joint Prem. $ N/A Term N/A

Your signature below means you want (only) the insurance coverage(s) quoted above. If none are quoted, you have declined any coverages we offered.

Buyer d/o/b Buyer d/o/b

**PROPERTY INSURANCE:** *You must insure the Property securing this Contract.* You may purchase or provide the insurance through any insurance company reasonably acceptable to us. The collision coverage deductible may not exceed $ N/A. If you get insurance from or through us you will pay $ N/A for N/A of coverage.

This premium is calculated as follows:
☐ $ N/A Deductible, Collision Coverage $ N/A
☐ $ N/A Deductible, Comprehensive Cov. $ N/A
☐ Fire-Theft and Combined Additional Coverage $ N/A
☐ N/A $ N/A

**BODILY INJURY OR PROPERTY DAMAGE LIABILITY NOT INCLUDED UNLESS CHECKED AND INDICATED.**

☐ **SINGLE-INTEREST INSURANCE:** You must purchase single-interest insurance. The coverage may be obtained from a company of your choice, reasonably acceptable to us. If you buy the coverage from or through us, you will pay $ N/A for N/A of coverage. This insurance is solely for the interest of the Seller, its successors and assigns, and no protection exists for your benefit.

Signed:

**ASSIGNMENT:** This Contract and Security Agreement is assigned to BANK OF AMERICA, N.A. P O BOX 2759 JACKSONVILLE, FL 32203-2759, the Assignee, phone ______. This assignment is made ☐ *under the terms of a separate agreement.* ☐ *under the terms of* the ASSIGNMENT BY SELLER on page 2. ☐ This assignment is made with recourse.
Seller: By [signature] Date 01/19/2007

### ITEMIZATION OF AMOUNT FINANCED

| | |
|---|---|
| Vehicle Price (incl. sales tax of $ 3673.48) | $ 85496.50 |
| Service Contract, Paid to: N/A * | $ N/A |
| Pre-delivery service fee | $ 395.00 |
| **Cash Price** | $ 85891.50 |
| Manufacturer's Rebate $ N/A | |
| Cash Down Payment $ 6000.00 | |
| Deferred Down Payment $ N/A | |
| a. Total Cash/Rebate Down | $ 6000.00 |
| b. Trade-In Allowance | $ 21000.00 |
| c. Less: Amount owing | $ 51200.00 |
| Paid to: FIFTH THIRD BAN | |
| d. Net Trade-In (b. minus c.) | $-30200.00 |
| e. Net Cash/Trade-in (a. plus d.) | $-24200.00 |
| **Down Payment** (e.; disclose as $0 if negative) | $ 0.00 |
| **Unpaid Balance of Cash Price** | $ 85891.50 |
| Paid to Public Officials - Filing Fees | $ 108.50 |
| Insurance Premiums* (See adjacent coverage and benefit types.) | $ N/A |
| Amount to Finance line e. (if e. is negative) | $ 24200.00 |
| Loan Processing Fee Paid to Seller | $ N/A |
| To: N/A | $ N/A |
| To: DOC STAMPS | $ 387.10 |
| **Total Other Charges/Amounts Pd. to Others** | $ 24695.60 |
| Less: **Prepaid Finance Charges** | $ N/A |
| **Amount Financed** | $ 110587.10 |

*We may retain or receive a portion of this amount.

☐ **SERVICE CONTRACT:** With your purchase of the Vehicle, you *agree to purchase a Service Contract to cover* ______

This Service Contract will be in effect for N/A

### NOTICE TO BUYER

**A. Do not sign this Contract before you read it or if it contains any blank spaces. B. You are entitled to an exact copy of the Contract you sign. Keep it to protect your legal rights.**

**BY SIGNING BELOW BUYER AGREES TO THE TERMS ON PAGES 1 AND 2 OF THIS CONTRACT AND ACKNOWLEDGES RECEIPT OF A COPY OF THIS CONTRACT.**

**The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this Contract and retain its right to receive a part of the Finance Charge.**

Buyer:
[signature] 01/19/2007
Signature FLOYD EUGENE SLATER Date
[signature] 01/19/2007
Signature YVONNE ANNE SLATER Date
Seller: By [signature]


Expere® © 1995, 1996 Bankers Systems, Inc., St. Cloud, MN Form RSSIMVFL FL 12/15/2005 MOTOR VEHICLE – NOT FOR MANUFACTURED HOMES

# ADDITIONAL TERMS OF THIS CONTRACT AND SECURITY AGREEMENT

**GENERAL TERMS:** You have been given the opportunity to purchase the Vehicle and described services for the Cash Price or the Total Sale Price. The Total Sale Price is the total price of the Vehicle and any services if you buy them over time. You agreed to purchase the items over time. The Total Sale Price shown in the TRUTH IN LENDING DISCLOSURES assumes that all payments will be made as scheduled. The actual amount you will pay may be more or less depending on your payment record.

We may offer to defer the scheduled due date of all or any part of any installment payment, and will collect a $15.00 fee for such deferment. You may need to extend any insurance coverage or reimburse us for any costs incurred in extending such coverage. In addition to the $15.00 deferment fee and the costs of extending required or optional insurance, you will also be required to pay additional finance charges as a result of exercising the deferment option.

If you reject or revoke acceptance of the motor vehicle and assert a security interest in the motor vehicle, you must either (1) post a bond in the amount of the disputed balance, or (2) deposit all accrued and thereafter accruing installment payments into the appropriate court.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee, that is more than the maximum amount permitted for this sale by state or federal law. If you pay a finance charge or fee that is contrary to this provision, we will, instead, apply it first to reduce the principal balance, and when the principal has been paid in full, refund it to you.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.

This Contract is governed by the laws of Florida and the United States of America. If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract.

**NAME AND LOCATION:** Your name and address indicated on page 1 are your exact legal name and your principal residence. You will provide us with at least 30 days' notice prior to changing your name or principal residence.

**PREPAYMENT:** You may prepay this Contract in full or in part at any time. Any partial prepayment will not excuse any later scheduled payments until you pay in full. We may impose an acquisition charge of $75.00 for services performed in processing this Contract if it is paid in full within 6 months after the Contract's effective date.

A refund of any prepaid, unearned insurance premiums may be obtained from us or from the insurance company named in your policy or certificate of insurance.

**OWNERSHIP AND DUTIES TOWARD PROPERTY:** By giving us a security interest in the Property, you represent and agree to the following:

A. Our security interest will not extend to consumer goods unless you acquire rights to them within 10 days after we enter into this Contract, or they are installed in or affixed to the Vehicle.

B. You will defend our interests in the Property against claims made by anyone else. You will do whatever is necessary to keep our claim to the Property ahead of the claim of anyone else.

C. The security interest you are giving us in the Property comes ahead of the claim of any other of your general or secured creditors. You agree to sign any additional documents or provide us with any additional information we may require to keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.

D. You will keep the Property in your possession in good condition and repair. You will use the Property for its intended and lawful purposes. Unless otherwise agreed in writing, the Property will be located at your address listed on page 1 of this Contract.

E. You will not attempt to sell the Property (unless it is properly identified inventory) or otherwise transfer any rights in the Property to anyone else, without our prior written consent.

F. You will pay all taxes and assessments on the Property as they become due.

G. You will notify us of any loss or damage to the Property. You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**DEFAULT:** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):

A. You fail to perform any obligation that you have undertaken in this Contract.

B. We, in good faith, believe that you cannot, or will not, pay or perform the obligations you have agreed to in this Contract.

If you default, you agree to pay our costs for collecting amounts owing, including court costs, reasonable attorneys' fees (if we refer this Contract to an attorney that is not a salaried employee of ours for collection) and fees for repossession, repair, storage and sale of the Property securing this Contract.

If an event of default occurs as to any one of you, we may exercise our remedies against any or all of you.

**REMEDIES:** If you are in default on this Contract, we have all of the remedies provided by law and this Contract:

A. We may require you to immediately pay us, subject to any refund required by law, the remaining unpaid balance of the amount financed, finance charges and all other agreed charges.

B. We may pay taxes, assessments, or other liens or make repairs to the Property if you have not done so. We are not required to do so. This amount will be due immediately. This amount will earn finance charges from the date paid at the rate described in the PROMISE TO PAY AND PAYMENT TERMS section until paid in full.

C. We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.

D. We may immediately take possession of the Property by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises. We may then sell the Property and apply what we receive as provided by law to our reasonable expenses and then toward your obligations.

E. Except when prohibited by law, we may sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us.

By choosing any one or more of these remedies, we do not waive our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again.

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law).

You agree that, subject to your right to recover such property, we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above. Notice pursuant to Fla. Stat. ch. 493.6404 shall be sent to debtor by licensed repossession service. You will have 45 days from the date the notice of intent to dispose of said personal property is sent to claim said property. You will have to pay any reasonably incurred expenses for inventory and storage.

**INSURANCE:** You agree to buy property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible amount indicated in the PROPERTY INSURANCE section, or as we will otherwise require. You will name us as loss payee on any such policy. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You may purchase or provide the insurance from any insurance provider that is reasonably acceptable to us. Your choice of an insurance provider will not affect the credit decision. We may impose reasonable requirements concerning the extent of coverage and the financial soundness of the insurance provider. You will keep the insurance in full force and effect until this Contract is paid in full.

If you fail to obtain or maintain this insurance, or name us as a loss payee, we may obtain insurance to protect our interest in the Property. This insurance may include coverages not required of you. This insurance may be written by a company other than one you would choose. It may be written at a rate higher than a rate you could obtain if you purchased the property insurance required by this Contract. We will add the premium for this insurance to the amount you owe us. Any amount we pay will be due immediately. This amount will earn finance charges from the date paid at the rate described in the PROMISE TO PAY AND PAYMENT TERMS section until paid in full.

**OBLIGATIONS INDEPENDENT:** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:

A. You must pay this Contract even if someone else has also signed it.

B. We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.

C. We may release any security and you will still be obligated to pay this Contract.

D. If we give up any of our rights, it will not affect your duty to pay this Contract.

E. If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

**WARRANTY:** Warranty information is provided to you separately.

**WAIVER: To the extent permitted by law, you agree to give up your rights to require us to do certain things. We are not required to: (1) demand payment of amounts due; (2) give notice that amounts due have not been paid, or have not been paid in the appropriate amount, time or manner; or, (3) give notice that we intend to make, or are making, this Contract immediately due.**

**THIRD PARTY AGREEMENT**

By signing below you agree to give us a security interest in the Property described in the SALE section. You also agree to the terms of this Contract, including the WAIVER section above, except that you will not be liable for the payments it requires. Your interest in the Property may be used to satisfy the Buyer's obligation. You agree that we may renew, extend, change this Contract, or release any party or property without releasing you from this Contract. We may take these steps without notice or demand upon you.

**You acknowledge receipt of a completed copy of this Contract.**

Signature ____________________ Date

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**IF YOU ARE BUYING A USED VEHICLE, THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.**

## ASSIGNMENT BY SELLER

Seller sells and assigns this Retail Installment Contract and Security Agreement, (Contract), to the Assignee, its successors and assigns, including all its rights, title and interest in this Contract, and any guarantee executed in connection with this Contract. Seller gives Assignee full power, either in its own name or in Seller's name, to take all legal or other actions which Seller could have taken under this Contract. (SEPARATE AGREEMENT: If this Assignment is made "under the terms of a separate agreement" as indicated on page 1, the terms of this assignment are described in a separate writing(s) and not as provided below.)

Seller warrants:

A. This Contract represents a sale by Seller to Buyer on a time price basis and not on a cash basis.
B. The statements contained in this Contract are true and correct.
C. The down payment was made by the Buyer in the manner stated on page 1 of this Contract and, except for the application of any manufacturer's rebate, no part of the down payment was loaned or paid to the Buyer by Seller or Seller's representatives.
D. This sale was completed in accordance with all applicable federal and state laws and regulations.
E. This Contract is valid and enforceable in accordance with its terms.
F. The names and signatures on this Contract are not forged, fictitious or assumed, and are true and correct.
G. This Contract is vested in the Seller free of all liens, is not subject to any claims or defenses of the Buyer, and may be sold or assigned by the Seller.
H. A completely filled-in copy of this Contract was delivered to the Buyer at the time of execution.
I. The Vehicle has been delivered to the Buyer in good condition and has been accepted by Buyer.
J. Seller has or will perfect a security interest in the Property in favor of the Assignee.

If any of these warranties is breached or untrue, Seller will, upon Assignee's demand, purchase this Contract from Assignee. The purchase shall be in cash in the amount of the unpaid balance (including finance charges) plus the costs and expenses of Assignee, including attorneys' fees.

Seller will indemnify Assignee for any loss sustained by it because of judicial set-off or as the result of a recovery made against Assignee as a result of a claim or defense Buyer has against Seller.

Seller waives notice of the acceptance of this Assignment, notice of non-payment or non-performance and notice of any other remedies available to Assignee.

Assignee may, without notice to Seller, and without affecting the liability of Seller under this Assignment, compound or release any rights against, and grant extensions of time for payment to be made, to Buyer and any other person obligated under this Contract.

UNLESS OTHERWISE INDICATED ON PAGE 1, THIS ASSIGNMENT IS WITHOUT RECOURSE.

WITH RECOURSE. If this Assignment is made "with recourse" as indicated on page 1, Assignee takes this Assignment with certain rights of recourse against Seller. Seller agrees that if the Buyer defaults on any obligation of payment or performance under this Contract, Seller will, upon demand, repurchase this Contract for the amount of the unpaid balance, including finance charges, due at that time.

Florida documentary stamp tax required by law in the amount of $ 351.10 has been paid or will be paid directly to the Dept. of Revenue. Certificate of Registration #23-1622698-39-01 (201.133(6) F.S.)

© 1995, 1996 Bankers Systems, Inc., St. Cloud, MN Form RSSIMVI-F-FL 2/15/2006 (page 2 of 2)

# Exhibit “B”

Mail Lien Satisfaction to: Dept of Highway Safety and Motor Vehicles, Neil Kirkman Building, Tallahassee, FL 32399-0500

STATE OF FLORIDA

LIEN SATISFACTION

| Identification Number | Year | Make | Body | WT-L-BHP | Vessel Regis. No. | Title Number |
|---|---|---|---|---|---|---|
| 5B4MP67GX23346521 | 2002 | FTWD | MH | 20700 | | [redacted] |

[redacted]

Registered Owner:

Date of Issue 02/05/2007

FLOYD EUGENE SLATER OR
YVONNE A SLATER
2040 101ST AVE
OTSEGO MI 49078

Lien Release
Interest in the described vehicle is hereby released
By____________________
Title____________________
Date____________________

IMPORTANT INFORMATION

1. When ownership of the vehicle described herein is transferred, the seller MUST complete in full the Transfer of Title by Seller section at the bottom of the certificate of title.
2. Upon sale of this vehicle, the seller must complete the notice of sale on the reverse side of this form.
3. Remove your license plate from the vehicle.
4. See the web address below for more information and the appropriate forms required for the purchaser to title and register the vehicle, mobile home or vessel: http://www.hsmv.state.fl.us/html/titlinf.html

Mail To:

01/19/2007
BANK OF AMERICA
PO BOX 2759
JACKSONVILLE FL 32203-2759

[redacted]

# CERTIFICATE OF TITLE

| Identification Number | Year | Make | Body | WT-L-BHP | Vessel Regis. No | Title Number |
|---|---|---|---|---|---|---|
| 5B4MP67GX23346521 | 2002 | FTWD | MH | 20700 | | [redacted] |

| Prev State | Color | Primary Brand | Secondary Brand | No of Brands | Use | Prev Issue Date |
|---|---|---|---|---|---|---|
| KY | WHI/MAR | | | | PRIVATE | |

| Odometer Status or Vessel Manufacturer or OH use | Hull Material | Prop | Date of Issue |
|---|---|---|---|
| 14535 MILES 01/19/2007 ACTUAL | | | 02/05/2007 |

Lien Release
Interest in the described vehicle is hereby released
By____________________
Title____________________
Date____________________

Registered Owner

FLOYD EUGENE SLATER OR
YVONNE A SLATER
2040 101ST AVE
OTSEGO MI 49078

1st Lienholder

01/19/2007
BANK OF AMERICA
PO BOX 2759
JACKSONVILLE FL 32203-2759

DIVISION OF MOTORIST SERVICES TALLAHASSEE FLORIDA DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES

Control Number [redacted]

Clayton Boyd Walden
Director

Julie L. Jones
Executive Director

VOID IF ALTERED

TRANSFER OF TITLE BY SELLER (This section must be completed at the time of sale.)

Federal and/or state law require that the seller state the milege, purchaser's name, selling price and date sold in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

This title is warranted to be free from any liens except as noted on the face of the certificate and the motor vehicle or vessel described is hereby transferred to:

Seller Must Enter Purchaser's Name:__________ Address:__________

Seller Must Enter Selling Price:__________ Seller Must Enter Date Sold:__________

I/We state that this ☐ 5 or ☐ 6 digit odometer now reads ______ x (no tenths) miles, date read ______ and I hereby certify that to the best of my knowledge the odometer reading:

☐ 1. reflects ACTUAL MILEAGE. ☐ 2. is IN EXCESS OF ITS MECHANICAL LIMITS. ☐ 3. is NOT THE ACTUAL MILEAGE.

UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

SELLER Must Sign Here:__________ CO-SELLER Must Sign Here:__________

Print Here:__________ Print Here:__________

Selling Dealer's License Number:__________ Tax No.:__________ Tax Collected:__________

Auction Name:__________ License Number:__________

PURCHASER Must Sign Here:__________ CO-PURCHASER Must Sign Here:__________

Print Here:__________ Print Here:__________

NOTICE: PENALTY IS REQUIRED BY LAW IF NOT SUBMITTED FOR TRANSFER WITHIN 30 DAYS AFTER DATE OF PURCHASE

HSMV 82250 (REV. 10/12) STATE OF FLORIDA

**STATE OF FLORIDA**
**DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES**
**DIVISION OF MOTOR VEHICLES**
**2900 Apalachee Parkway • Neil Kirkman Building - Tallahassee, FL 32399-0620**

# Notice of Sale of Motor Vehicle, Mobile Home or Vessel

Section 319.22(2), Florida Statutes, requires that the seller file a Notice of Sale with the department within 30 days after the sale or transfer of the motor vehicle, vessel or mobile home. Filing this form removes any civil liability for the operation of the sold motor vehicle, vessel or mobile home. In addition to filing this form, we suggest you keep a copy of your bill of sale (we suggest it be notarized), certificate of title or other type of transaction document showing the vehicle was sold. **Complete the information below, tear the top portion of this document at the perforation and mail to the address above or submit to your local tax collector's office or license plate agency.**

I have this_____day of___________ , _____, transferred by assignment of and delivered Florida Certificate of Title to:

Name: Purchaser(s)______________________________ Purchaser's DL/ID ____________________
First MI Last

Address______________________________________________ Selling Price $ ____________________

UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

Seller's Signature______________________________ Co-Seller's Signature ______________________________

**NOTE: THE SUBMISSION OF THIS FORM, ACCURATELY COMPLETED, TO A TAX COLLECTOR'S OFFICE, LICENSE PLATE AGENCY OR TO THE ADDRESS ABOVE WILL ALLOW THE TITLE CLERK TO UPDATE THE DMV DATABASE TO REFLECT THE TITLE RECORD AS "SOLD". HOWEVER, THE OWNERSHIP STATUS WILL NOT CHANGE UNTIL THE PURCHASER APPLIES FOR AND IS ISSUED A CERTIFICATE OF TITLE.**

ODOMETER CERTIFICATION - Federal and state laws require that you state the mileage in connection with transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

## FIRST REASSIGNMENT BY LICENSED DEALER

Selling Dealer's License No.:__________ Selling Dealer's Name:__________ Tax No.:__________ Tax Collected:__________

Selling Dealer's Address:______________________________ Date Sold:__________

Purchaser's Name(s):______________________________ Address:______________________________

I/WE STATE THAT THIS ☐ 5 OR ☐ 6 DIGIT ODOMETER NOW READS ☐☐☐☐☐☐ XX (NO TENTHS) MILES, DATE READ ____/____/______, AND I HEREBY CERTIFY THAT TO THE BEST OF MY KNOWLEDGE THE ODOMETER READING:

CAUTION: READ CAREFULLY BEFORE YOU CHECK A BOX ☐ 1. REFLECTS ACTUAL MILEAGE ☐ 2. IS IN EXCESS OF ITS MECHANICAL LIMITS (EXCESS OF ITS MECHANICAL LIMITS APPLIES TO 5 DIGIT ODOMETERS) ☐ 3. IS NOT THE ACTUAL MILEAGE. WARNING - ODOMETER DISCREPANCY

Purchaser Must Sign Here:______________________________ Co-Purchaser Must Sign Here:______________________________

Print Here:______________________________ Print Here:______________________________

Seller/Agent Must Sign Here:______________________________ Auction Name (When Applicable):______________________________

Print Here:______________________________ Auction License Number:______________________________

## SECOND REASSIGNMENT BY LICENSED DEALER

Selling Dealer's License No.:__________ Selling Dealer's Name:__________ Tax No.:__________ Tax Collected:__________

Selling Dealer's Address:______________________________ Date Sold:__________

Purchaser's Name(s):______________________________ Address:______________________________

I/WE STATE THAT THIS ☐ 5 OR ☐ 6 DIGIT ODOMETER NOW READS ☐☐☐☐☐☐ XX (NO TENTHS) MILES, DATE READ ____/____/______, AND I HEREBY CERTIFY THAT TO THE BEST OF MY KNOWLEDGE THE ODOMETER READING:

CAUTION: READ CAREFULLY BEFORE YOU CHECK A BOX ☐ 1. REFLECTS ACTUAL MILEAGE ☐ 2. IS IN EXCESS OF ITS MECHANICAL LIMITS (EXCESS OF ITS MECHANICAL LIMITS APPLIES TO 5 DIGIT ODOMETERS) ☐ 3. IS NOT THE ACTUAL MILEAGE. WARNING - ODOMETER DISCREPANCY

Purchaser Must Sign Here:______________________________ Co-Purchaser Must Sign Here:______________________________

Print Here:______________________________ Print Here:______________________________

Seller/Agent Must Sign Here:______________________________ Auction Name (When Applicable):______________________________

Print Here:______________________________ Auction License Number:______________________________

## THIRD REASSIGNMENT BY LICENSED DEALER

Selling Dealer's License No.:__________ Selling Dealer's Name:__________ Tax No.:__________ Tax Collected:__________

Selling Dealer's Address:______________________________ Date Sold:__________

Purchaser's Name(s):______________________________ Address:______________________________

I/WE STATE THAT THIS ☐ 5 OR ☐ 6 DIGIT ODOMETER NOW READS ☐☐☐☐☐☐ XX (NO TENTHS) MILES, DATE READ ____/____/______, AND I HEREBY CERTIFY THAT TO THE BEST OF MY KNOWLEDGE THE ODOMETER READING:

CAUTION: READ CAREFULLY BEFORE YOU CHECK A BOX ☐ 1. REFLECTS ACTUAL MILEAGE ☐ 2. IS IN EXCESS OF ITS MECHANICAL LIMITS (EXCESS OF ITS MECHANICAL LIMITS APPLIES TO 5 DIGIT ODOMETERS) ☐ 3. IS NOT THE ACTUAL MILEAGE. WARNING - ODOMETER DISCREPANCY

Purchaser Must Sign Here:______________________________ Co-Purchaser Must Sign Here:______________________________

Print Here:______________________________ Print Here:______________________________

Seller/Agent Must Sign Here:______________________________ Auction Name (When Applicable):______________________________

Print Here:______________________________ Auction License Number:______________________________